759 F.2d 826
 DIXIE NATIONAL BANK OF DADE COUNTY, Plaintiff,
v.
EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY OF AMERICA,
etc., Defendant-Third Party Plaintiff-Appellant,
v.
Dr. Thomas F. CARNEY, etc., et al., Third Party Defendants-Appellees.
 No. 82-5646.
 United States Court of Appeals,
Eleventh Circuit.
 May 6, 1985.
 
 James E. Tribble, Miami, Fla., for defendant-third party plaintiff-appellant.
 Michael J. Cappucio, Fowler, White, Burnett, Hurley, Banick & Knight, P.A., Edward G. Rubinoff, Preddy, Kutner & Hardy, P.A., Miami, Fla., for third party defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before HILL and HATCHETT, Circuit Judges, and ALLGOOD*, District Judge.
 PER CURIAM:
 
 
 1
 The Dixie National Bank of Dade County ("the Bank") commenced this litigation in April, 1974, against the appellant Employers Commercial Union Insurance Company of America ("Employers") to recover on a "banker's blanket bond" policy of insurance for an embezzlement loss resulting from the defalcations of the Bank's former cashier after the Bank's insurer, Employers, denied the claim. Employers filed a third party complaint in June, 1975, against the directors of the Bank and American Home Life Insurance Company ("Home"), the directors' insurer under a director's liability policy, asserting subrogation rights arising upon the payment of the Bank's claim.
 
 
 2
 In June, 1976, Employers and the Bank settled their dispute and the Bank assigned Employers its right to any claims it might have against the third party defendants.
 
 
 3
 In May, 1982, the district court granted summary judgment against Employers and in favor of the third-party defendants, concluding that Employers did not have a subrogable cause of action against the directors or Home to recover payments to the Bank on the embezzlement claim, because there was no evidence that the directors committed bad faith or fraud. This appeal followed.
 
 
 4
 On April 2, 1984, in an unpublished opinion, after finding that this case presented important issues of Florida law on which there was no clear, controlling precedent, we certified the following questions to the Supreme Court of Florida:
 
 
 5
 (1) In an action by a fidelity bond insurer against the directors of a bank and the directors' insurer for the directors' negligence in failing to prevent embezzlement losses, if the fidelity bond insurer obtains rights against the insured's directors through legal or equitable subrogation and also obtains a written assignment of claims from the bank, does Florida law require the fidelity insurer to establish superior equities as between the fidelity insurer and the directors and their insurer in order to recover?
 
 
 6
 (2) If so, does the fidelity insurer's status as a paid surety establish superior equities in favor of the insured's directors and the directors' insurer where the fidelity insurer merely asserts the directors' negligence as the basis for recovery?
 
 
 7
 The Supreme Court of Florida answered both questions in the affirmative. Dixie National Bank of Dade County v. Employers Commercial Union Insurance Company of America, 463 So.2d 1147 (Fla.1985). In regard to first question, the Supreme Court stated that:
 
 
 8
 Whether a right has its source in legal or conventional subrogation, the better rule is that it will be enforced only in favor of a meritorious claim, and after a balancing of the equities .... In this case, the written assignment adds nothing to the insurer's subrogation claim. Once Employers paid the loss to its insured, it became equitably subrogated to any claims the Bank might have against third parties. As between Employers and the Bank, liability was extinguished and no valid assignment giving rise to a separate cause of action against the Directors existed.
 
 
 9
 Id. at 1152 (quoting the United States District Court's opinion in the present case, No. 75-768-CIV-EBD (S.D.Fla.1982)). In answering the second question, the Court agreed with the rule announced by the Wisconsin Supreme Court:
 
 
 10
 We think the equitable principles which deny an insurer the right of subrogation against it own insured are also applicable here. In this case the negligence of the Bank in permitting Hansen's wrongful acts to go undiscovered is but the negligence of its officers and directors whose duty is to supervise the operations of the Bank. Since the bonding companies have no claim based on negligence against the Bank, we hold that equity will not permit the fidelity insurer to avoid that result by suing the officers and directors individually. In First National Bank of Crandon [v. United States Fidelity & Guaranty Co. of Baltimore ], supra, 150 Wis. at 610, 137 N.W. 742 [ (1912) ], we pointed out that mere negligence of the officers of the insured in failing to discover the default of a bonded employee is one of the risks covered by the fidelity insurance, and for that reason such negligence is no defense to payment on the bond. Though the bonding companies do not here assert the negligence of these officers and directors as a defense to liability upon the bond, the fact that the negligence of the bank's agents is a risk assumed by the fidelity insurer in exchange for the premium also enters into the balance of equities in determining whether a right of subrogation is appropriate. The bonding companies have assumed the risk of that negligence which is imputable to the Bank, and we conclude, therefore, that the bonding companies may not avoid that risk simply by paying on the bond and suing these officers and directors as individuals thereafter.
 
 
 11
 Id. at 1153 (quoting First National Bank of Columbus v. Hansen, 84 Wis.2d 422, 267 N.W.2d 367, 371-72 (1978)).
 
 
 12
 We are grateful to the Supreme Court of Florida for its cooperation and assistance. The law of Florida is now clear. Appellant concedes that its proof does not establish that the directors had actual knowledge of the embezzlement, dishonest purpose, or furtive design. Even if the directors were grossly negligent in failing to detect and/or prevent the embezzlement, appellant would not be permitted to recover from appellees. Therefore, we affirm the district court's grant of summary judgment in favor of the directors of the bank and the directors' insurance company.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Clarence W. Allgood U.S. District Judge for the Northern District of Alabama, sitting by designation